MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

JORGE LUIS ARMENTA GARCIA,
*individually and on behalf of others similarly situated,*

       *Plaintiff*,

-against-

AA CATERING INC. (D/B/A TURKISH CUISINE) and AYSE SMITH,

       *Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

  Plaintiff Jorge Luis Armenta Garcia ("Plaintiff Armenta" or "Mr. Armenta"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against AA Catering Inc. (d/b/a Turkish Cuisine), ("Defendant Corporation") and Ayse Smith, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

  1. Plaintiff Armenta is a former employee of Defendants AA Catering Inc. (d/b/a Turkish Cuisine) and Ayse Smith.

  2. Defendants own, operate, or control a Turkish restaurant, located at 631 9th Avenue New York, N.Y. 10036 under the name "Turkish Cuisine".

3.     Upon information and belief, individual Defendant Ayse Smith, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Armenta was employed as a cook at the restaurant located at 631 9th Avenue New York, N.Y. 10036.

5.     At all times relevant to this Complaint, Plaintiff Armenta worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Armenta appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Further, Defendants failed to pay Plaintiff Armenta the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.     Defendants' conduct extended beyond Plaintiff Armenta to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Armenta and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.    Plaintiff Armenta now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Armenta seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Armenta's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Turkish restaurant located in this district. Further, Plaintiff Armenta was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Jorge Luis Armenta Garcia ("Plaintiff Armenta" or "Mr. Armenta") is an adult individual residing in New York County, New York.

15. Plaintiff Armenta was employed by Defendants at Turkish Cuisine from approximately 2010 until on or about March 18, 2020 then again from August 21, 2020 to October 2020.

16. Plaintiff Armenta consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a Turkish restaurant, located at 631 9th Avenue New York, N.Y. 10036 under the name "Turkish Cuisine".

18. Upon information and belief, AA Catering Inc. (d/b/a Turkish Cuisine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 631 9th Avenue New York, N.Y. 10036.

19. Defendant Ayse Smith is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ayse Smith is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation.

20. Defendant Ayse Smith possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Armenta, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21. Defendants operate a Turkish restaurant located in the Hell's Kitchen section of Manhattan in New York City.

22. Individual Defendant, Ayse Smith, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Armenta's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Armenta, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Armenta (and all similarly situated employees) and are Plaintiff Armenta's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Armenta and/or similarly situated individuals.

27. Upon information and belief, Individual Defendant Ayse Smith operates Defendant Corporation as either an alter ego of herself and/or fails to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for her own benefit as the sole or majority shareholder,

    e) operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of her own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Armenta's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Armenta, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Armenta's services.

29. In each year from 2015 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Armenta is a former employee of Defendants who was employed as a cook.

32. Plaintiff Armenta seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jorge Luis Armenta Garcia*

33. Plaintiff Armenta was employed by Defendants from approximately 2010 until on or about March 18, 2020 then again from August 21, 2020 to October 2020.

34. Defendants employed Plaintiff Armenta as a cook.

35. Plaintiff Armenta regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36. Plaintiff Armenta's work duties required neither discretion nor independent judgment.

37. From approximately May 2015 until on or about February 2018, Plaintiff Armenta worked from approximately 4:00 p.m. until on or about 11:30 p.m., on Mondays, from approximately 11:30 a.m. until on or about 11:30 p.m., Tuesdays, Wednesdays, and Thursdays, from approximately 11:30 a.m. until on or about 12:00 a.m., Fridays, and from approximately 11:30 a.m. until on or about 11:30 p.m. or 12:00 a.m., on Saturdays (typically 68 to 68.5 hours per week).

38. From approximately March 2018 until on or about March 2020, Plaintiff Armenta worked from approximately 4:00 p.m. until on or about 11:30 p.m., on Mondays, from approximately 11:30 a.m. until on or about 11:30 p.m., Tuesdays, Wednesdays, and Thursdays, from approximately 11:30 a.m. until on or about 12:00 a.m., on Fridays, and from approximately 11:30 a.m. until on or about 9:00 p.m., on Saturdays (typically 65.5 hours per week).

39. From approximately August 21, 2020 until on or about October 2020, Plaintiff Armenta worked from approximately 5:00 p.m. until on or about 11:00 p.m., Tuesdays, Thursdays, Fridays, and Saturdays (typically 24 hours per week).

40. Throughout his employment, Defendants paid Plaintiff Armenta his wages in a combination of check and cash.

41. From approximately May 2015 until on or about 2018, Defendants paid Plaintiff Armenta $1,050 per week ($800 in check the rest in cash).

42. From approximately 2019 until on or about March 18, 2020, Defendants paid Plaintiff Armenta $1,130 per week ($800 in check the rest paid in cash).

43. Plaintiff Armenta's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44. For example, Defendants required Plaintiff Armenta to work an additional 30 minutes past his scheduled departure time Fridays and Saturdays, and did not pay him for the additional time he worked.

45. Defendants never granted Plaintiff Armenta any breaks or meal periods of any kind.

46. On a number of occasions, Defendants required Plaintiff Armenta to sign a document, the contents of which he was not allowed to review in detail.

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Armenta regarding overtime and wages under the FLSA and NYLL.

48. Defendants did not provide Plaintiff Armenta an accurate statement of wages, as required by NYLL 195(3).

49. In fact, Defendants adjusted Plaintiff Armenta's paystubs so that they reflected inaccurate wages and hours worked.

50. Defendants did not give any notice to Plaintiff Armenta, in English and in Spanish (Plaintiff Armenta's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51. Defendants required Plaintiff Armenta to purchase "tools of the trade" with his own funds—including purchasing non-slip shoes twice a year.

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Armenta (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

53. Plaintiff Armenta was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54. Defendants habitually required Plaintiff Armenta to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

55. On a number of occasions, Defendants required Plaintiff Armenta to sign a document the contents of which he was not allowed to review in detail.

56. Defendants paid Plaintiff Armenta his wages in a combination of check and cash.

57. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

58. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Armenta (and similarly situated individuals) worked, and to avoid paying Plaintiff Armenta properly for his full hours worked.

59. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Armenta and other similarly situated former workers.

61. Defendants failed to provide Plaintiff Armenta and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

62. Defendants failed to provide Plaintiff Armenta and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63. Plaintiff Armenta brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64. At all relevant times, Plaintiff Armenta and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

65. The claims of Plaintiff Armenta stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

66. Plaintiff Armenta repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff Armenta's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Armenta (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

68. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

70. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Armenta (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71. Defendants' failure to pay Plaintiff Armenta (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Armenta (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

73. Plaintiff Armenta repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Armenta overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75. Defendants' failure to pay Plaintiff Armenta overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

76. Plaintiff Armenta was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

77. Plaintiff Armenta repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants failed to pay Plaintiff Armenta one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Armenta's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

79. Defendants' failure to pay Plaintiff Armenta an additional hour's pay for each day Plaintiff Armenta's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

80. Plaintiff Armenta was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

81. Plaintiff Armenta repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants failed to provide Plaintiff Armenta with a written notice, in English and in Spanish (Plaintiff Armenta's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

83. Defendants are liable to Plaintiff Armenta in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

84. Plaintiff Armenta repeats and realleges all paragraphs above as though fully set forth herein.

85. With each payment of wages, Defendants failed to provide Plaintiff Armenta with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

86. Defendants are liable to Plaintiff Armenta in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

87. Plaintiff Armenta repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants required Plaintiff Armenta to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

89. Plaintiff Armenta was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Armenta respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Armenta and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Armenta's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Armenta and the FLSA Class members;

(e) Awarding Plaintiff Armenta and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Armenta and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Armenta;

(h) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Armenta;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Armenta's compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Armenta;

(k) Awarding Plaintiff Armenta damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(l) Awarding Plaintiff Armenta damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff Armenta liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiff Armenta and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiff Armenta and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Armenta demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

May 14, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 2, 2021

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:  Jorge Luis Armenta Garcia

Legal Representative / Abogado:  Michael Faillace & Associates, P.C.

Signature / Firma:  *[signature]*

Date / Fecha:  2 de Abril de 2021

Certified as a minority-owned business in the State of New York